ZAINEY, J.
JANUARY 9, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE GIUFFRIA | CIVIL ACTION |
| VERSUS | NO: 04-458 |
| LOUISIANA STATE UNIVERSITY, ET AL. | SECTION: "A" (2) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 29)** filed by defendant, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural & Mechanical College.  Plaintiff, Eugene Giuffria, opposes the motion.  The motion, set for hearing on August 24, 2005, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is GRANTED.

### I.   BACKGROUND

This is an action brought pursuant to the Age Discrimination Act of 1975 (ADA), 42 U.S.C. § 6101, et seq.  The ADA prohibits

discrimination on the basis of age in all programs and activities receiving federal financial assistance.

Plaintiff, Eugene Giuffria ("Giuffria"), alleges that he was denied admission to the Louisiana State University Health Science Center's Certified Registered Nurse Anesthetist (CRNA) program based on his age (51). Giuffria filed a complaint with the United States Department of Education, Office for Civil Rights (OCR). The OCR conducted an investigation and issued a four page opinion letter finding insufficient evidence to substantiate Giuffria's allegation that he was denied admission to the CRNA based on his age. (Def. Exh. B). The OCR concluded that Giuffria was denied admission because of poor performance during his admissions interview. (Id.).

Giuffria then filed the instant suit alleging a violation of the ADA. He seeks back pay with benefits, front pay, double liquidated damages, attorney's fees, court costs, litigation expenses, and expert fees as well as admission into the program.

**II. DISCUSSION**

Defendant moves for summary judgment based upon several grounds. First, Defendant argues that Giuffria did not file his complaint timely under federal regulations. Second, Defendant argues that the ADA does not provide a private right of action to seek money damages. Third, Defendant argues that Plaintiff cannot

2

create an issue of fact on the issue of discrimination. Finally, Defendant invokes sovereign immunity from suit.

In opposition, Giuffria asserts that his complaint is timely and that he was denied admission to the CRNA program based upon age. Giuffria contends that the letter sent to prospective candidates does not list a "satisfactory review" as part of the criteria for acceptance into the program. Giuffria argues that Defendant is using the unsatisfactory interview to mask its true motive, unlawful discrimination. Giuffria asserts that Defendant has waived its sovereign immunity because the Health Sciences Center accepts federal funds.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that

there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court will assume for purposes of the instant motion that Giuffria's federal complaint is timely. However, Giuffria's claims suffer from at least two insurmountable flaws, the first of which pertains to the very law upon which Giuffria bases his claim. The ADA prohibits discrimination on the basis of age in all programs and activities receiving federal financial assistance. 42 U.S.C.A. § 6102 (West 2003). The question of whether a private cause of action exists under the Act has been the subject of much debate. See, e.g., Rannels v. Hargrove, 731 F. Supp. 1214, 1219 (E.D. Penn. 1990). The Fifth Circuit has never addressed whether a private cause of action exists under the ADA, particularly one for money damages. Wheat v. Mass, 994 F.2d 273, 276 (5th Cir. 1993). The Act expressly provides for administrative enforcement remedies and

4

injunctive relief accompanied by attorney's fees but is quite silent on the issue of money damages.  Id. § 6104(a), (e).  Given that Giuffria's suit is primarily one for money damages Defendant has a potentially meritorious argument that Giuffria does not state a claim under the Act.

Even if the Act would allow a claim for money damages, Giuffria's case faces yet another hurdle because he has absolutely no evidence to suggest that he was the victim of age discrimination.  In this circuit claims of discrimination are treated under the traditional McDonnell Douglas burden-shifting framework.  Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)); Lenihan v. Boeing Co., 994 F. Supp. 776, 789 (S.D. Tex. 1998); see also Susan M. Omilian & Jean P Kamp, Sex-Based Employment Discrimination § 15:1 n.13 (2004).  Under the McDonnell Douglas framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination.  Fierros v. Tex. Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001) (citing McDonnell Douglas, 411 U.S. at 802).  Once the plaintiff establishes a prima facie case, the burden of production shifts to defendant to articulate a legitimate, non-discriminatory reason for the disparity in treatment.  See Haynes v. Pennzoil Co., 207 F.3d 296, 299 (5th Cir. 2000) (citing McDonnell Douglas, 411 U.S. at 802-04).  If the defendant satisfies this burden, the plaintiff must prove

that the proffered reasons are pretextual, i.e., that unlawful discrimination more likely than not motivated the decision. Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 355 (5th Cir. 2001) (citing Haynes, 207 F.3d at 300); Lenihan, 994 F. Supp. at 799.  Once a discrimination claim reaches the pretext stage, "the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination."  Id.  Under McDonnell Douglas only the burden of *production* shifts to the defendant so the defendant need not prove its proffered non-discriminatory reason--the burden of *persuasion* always remains with the plaintiff.  See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 308 (5th Cir. 2004); Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1136 (5th Cir. 1983).

    Assuming arguendo that Giuffria has presented a prima facie case of age discrimination, he nevertheless fails to impugn Defendant's proferred non-discriminatory reason for denying him admission into the CRNA program.  Defendant has submitted affidavits from two of the faculty members who evaluated Giuffria's application.  Dr. Kathleen Wren stated that she rated Giuffria's essay as "poor" because it was handwritten, rambling, erratic, and unprofessional. (Def. Exh. U).  Laura Bonanno, C.R.N.A., likewise rated Giuffria's essay as "poor" because it was sloppily handwritten and unprofessional.  (Def. Exh. V).  On November 29,

6

2001, Giuffria authored a letter to Dr. Anita Hufft in which he tried to persuade her that the "informal nature" of his essay was not a reflection of his commitment, dedication, tenacity, and work ethic.  (Def. Exh. F).  Giuffria's letter corroborates the problems that Wren and Bonanno had identified with Giuffria's application.

Wren and Bonanno also sat for the interview portion of Giuffria's application.  Both interviewers awarded him 0 points for the interview due to his behavior and conduct during the interview. The interviewers found that Giuffria overestimated his judgment and skills in an area in which he had limited experience, he rambled and talked non-stop without providing the interviewers opportunities to ask the full array of questions, he did not answer the questions asked, and he portrayed his anesthetist skills above those of an experienced anesthetist.   (Def. Exhs. U & V). According to Wren and Bonanno the other interviewers made similar observations.  Defendant has proffered non-discriminatory reasons for denying Giuffria admission to the program.

Giuffria has never suggested that the admissions committee lied about his abysmal performance during the interview process. Rather, he claims that a satisfactory interview is not listed among the criteria for admission into the CRNA program and therefore the committee must be hiding behind the interview process as a way to mask its discriminatory motives.  This argument is unpersuasive

7

because highly competitive graduate programs like the CRNA program often require that applicants submit to an interview. The interview process would be an exercise in futility if its results had no impact whatsoever on the selection process. Giuffria must have understood that his performance at the interview could potentially impact his admission to the program.

In sum, Giuffria has failed to create an issue of fact as to unlawful age discrimination. Defendant is entitled to judgment as a matter of law.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 29)** filed by defendant the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural & Mechanical College should be and is hereby **GRANTED**. Plaintiff's complaint is **DISMISSED**.

* * * * * * * *